The opinion of the eouit was delivered by
Duncan* J.
It is objected to the rule on which the defendant in error relies, that it transcends the power of the court, is in the nature of an act of limitations, and that if the court had authority to make it, natural justice required,-that it should be made on a rule to show cause, and notice served on the executor or .administrator of the plaintiff". This1 rule is in its terms altogether retrospective;,it operates on past events, and gives time to appear, within one'year after the passing of the x'ule. If the plaintiff be dead, his executors or administrators are' to make themselves parties, not within one year after the death of the plaintiff, but one year after the adoption of the rule., I do not think there could be any default, so as to put the cause out of coui’t, without a rule on *132 the executors or administrators, to appear and show cause, on notice given to them. There could be no default in the dead man, nor in his executors or administrators, until they had notice of the pendency of the action, and of the intended application. Besides, to put it in the power of the party out of court, and without any proof or inquiry, by a stroke of his pen, to abate the action, which the legislature had virtually declared should not abate, and which this very rule supposed was still pending, notwithstanding the death of the plaintiff, would be a delegation of authority, unwarranted by law. This would be a sufficient reason to reverse the proceedings. But I think the rule itself ivas not a regulation of practice, but a limitation of action. Limitations are legislative, and not judicial acts, and where they obtain, are on some positive law, or by analogy to some express enactment. The time of limitation, is six years in replevin, under the act of limitations; so, if the judgment of the plaintiff is reversed, or arrested by a judgment that he take nothing by his writ, the plaintiff may commence a new action, within one year afterwards. Replevin in Pennsylvania, is a question of property, and lies in every case on a claim of property, in whose hands soever the property is found. In England, it is stated by Mr. iusúeeBlackstcme,th&i it only lies in case of distress. This is one of the fevi' errors committed by that learned commentator, for in that country it lies, wherever there is an actual taking. It is certain, that replevin is provided for by statute 4, E. 3, Ch. 7, de bonis asportatis, reciting, that in times past, executors have not had actions for goods, &c. of the testator, carried away in his life, and provides that executors shall have like action as the testator would have had, if he was in life. This remedy is extended to administrators, and applies to all cases where personal property has been rendered less beneficial to the executor. The action of replevin, therefore, survives to an executor. Though the action, as did all personal actions at common law, abated, yet the action did not die with the person; the executor might bring a new one. The act of assembly of 13th Jlpril, 1791, avoided this circuity of action, put. it in the power of the representative of the party, (where by law the action survived,) if he should die before final judgment, to prosecute the action; so that it does not abate, and to compel the defendant to appear, the party plaintiff may make himself party by substitution, without any citation, and he can compel the defendant by scire facias, to defend. And it is quite clear to me, that the defendant can, by scire facias, compel the executor or administrator of the deceased plaintiff, to appear. So that the argument, that was used with so much force, of the defendant’s being suspended for an unreasonable time, does not hold, for he may compel the appearance of the executor or administrator, and if there be none, I see no difficulty in his way of raising one. In the same manner, a creditor or a plaintiff might raise one. There was no occasion then for the rule, and as the le *133 gislature had in fact, though not in express words, preserved the action from abatement, by death, the court could not enter it abated, for the act considers the cause depending, after the death of the party. It provides, that if a plaintiff shall die, before final judgment, his executor or administrator, shall have power to prosecute the action, until final judgment, and the court before which such cause is depending, is empowered to determine it, and render a judgment. This likewise is the language of the rule of court: “In all cases now pending, if the plaintiff be dead, his executor or administrator,” &c.. So that actions which do not die with the person, but survive to his executor or administrator, are not abated; and if the law does not abate them, the court can render no judgment of abatement. If the action does, not abate at the death of the plaintiff, it never afterwards does; but if the defendant chooses to have the action disposed of, he can, by suggesting the death of the plaintiff, bring his representatives in on process, and have final judgment. But it is not consistent with the act of assembly, that the court should direct judgment of abatement to be entered. It must be final judgment, which can only be by some process, bringing in the representative, and taking rules on him to proceed in the action. But a cause cannot be put out of court, where there has been no default. A dead man could not default, and his representatives, before they could be defaulted, must be brought before the court on some process or rule.
The court, therefore, reverse the judgment of abatement, and direct the action to be reinstated in the name of the plaintiff in error, and remit the record to the court of Common Pleas, for further proceedings.
Judgment reversed, and record remitted.